UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Grace F. Aderinto**,** | ) | C/A No. 3:08-2210-JFA-BM |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Report and Recommendation |
| Senator Hillary Rodham Clinton, President George W. Bush, AT&T Corporation, and Citicorp Credit Services (Inc), | ) ) ) ) ) | |
| Defendants. | ) ) | |

This is a civil action filed pro se. Plaintiff has previously filed numerous frivolous cases in this Court, which has resulted in a Pre-filing Injunction Order (Injunction Order) being filed against Plaintiff on the same day that this case was filed. *See In re Grace Aderinto*, Case No. 3:08-mc-00078-JFA. This case was specifically referenced in the Injunction Order as "Aderinto Seven", as follows:

> Plaintiff has filed seven civil actions in this court since January 2008, including two today. *See Aderinto v. Powell et al.*, 3:08-306-JFA-BM (D.S.C. 2008, hereafter "***Aderinto One***"); *Aderinto v. Tax Payer Advocate et al.*, 3:08-1551-JFA-BM (D.S.C. 2008, hereafter "***Aderinto Two***"); *Aderinto v. Washington et al.*, 3:08-1576-JFA-BM (D.S.C. 2008, hereafter "***Aderinto Three***"); *Aderinto v. Clinton et al.*, 3:08-1670-JFA-BM (D.S.C. 2008, hereafter "***Aderinto Four***"); *Aderinto v. Treasury Inspector General for Tax Administration et al.*, 3:08-1940-JFA (D.S.C. 2008, hereafter "***Aderinto Five***"); *Aderinto v. Treasury Inspector General for Tax Administration et al.*, 3:08-2206-JFA (D.S.C. 2008, hereafter "***Aderinto Six***"); *Aderinto v. Clinton et al.*, 3:08-2210-JFA (D.S.C. 2008, hereafter "***Aderinto Seven***").
> . . . .
>
> Seven days after filing ***Aderinto Three***, plaintiff filed ***Aderinto Four***, again using a standard *pro se* complaint form against Senator Hillary Rodham Clinton and President George W. Bush, alleging rambling and barely comprehensible assertions that cannot be given even momentary credibility, e.g.:
>
>> the President has used the spying means through AT&T to monitor the Plaintiff's conversations, while defendant Hillary Clinton has used a human system, which is comparable to a prison, to keep the Plaintiff imprisoned and to obstruct the Plaintiff from receiving any form of justice or progress. The Plaintiff's progress has been stunted based also, on the conversation on



>       the phone about the Plaintiff's dreams of attaining a similar position as
>       Joseph in the Bible attained.
>
>                  . . . .
>
>       Today, within a month of filing *Aderinto Five*, plaintiff filed *Aderinto Six* and
> *Aderinto Seven*, which assert claims similar to those contained in *Aderinto Five*
>  and *Aderinto Four*, respectively.
>
>       Having reviewed the record in light of the factors enunciated in *Cromer,* the
>  court finds that plaintiff's lawsuits are duplicative and vexatious.

*In re Grace Aderinto*, Case No. 3:08-mc-00078-JFA (slip op. at 2-5).

Having independently reviewed the filings in this case as well as well as those contained in "Aderinto Four" (*Aderinto v. Clinton*, 3:08-1670-JFA-BM (D.S.C. 2008)), the undersigned magistrate judge agrees that this case is duplicative and, therefore, frivolous. Although *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

As previously stated, following close review of the allegations contained in the Complaint filed in this case, it is clear that this case is essentially duplicative of *Aderinto v. Clinton*, 3:08-1670-JFA-BM (D.S.C. 2008). Although that case was dismissed "without prejudice," Plaintiff cannot simply re-file the same claims and allegations which were found to be fanciful, delusional, and frivolous in a new case using different words. *See, e.g.*, Am. Jur. 2d *Pleading* § 497 (2008)(court should not allow "mere repetition" of a pleading that has been previously dismissed); CJS *Pleading* § 756 (2008)(same). The problems with Plaintiff's allegations and claims that required summary dismissal of Case no. 3:08-1670-JFA-BM, are still evident in the pleading filed in this case; i.e., her allegations about mind control, privacy invasions,



and "harassment" by a political candidate's supporters, Wiccans allegedly employed by Citicorp and AT&T, and the United States President "are simply not believable." *Aderinto v. Clinton*, 3:08-1670-JFA-BM (D.S.C. 2008) (Entry 26, Report and Recommendation, at 5).

Plaintiff must do more than make mere conclusory, seemingly delusional, statements to support her claims. *See Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). With regard to the duplicitous nature of this case when compared to *Aderinto v. Clinton*, 3:08-1670-JFA-BM, as the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,



404 U.S. 519 (1972).

      Plaintiff's attention is directed to the important notice on the next page.

      Bristow Marchant
United States Magistrate Judge

June   23, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

